*E-filed*: 8/29/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ALVAREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. C-02-05871 RMW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 8, 9]** |

Plaintiff Maria Alvarez brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff and defendant filed cross-motions for summary judgment. Plaintiff alleges that the findings of the administrative law judge ("ALJ") are unsupported by substantial evidence and were reached by improper application of law. Specifically, plaintiff claims the ALJ erred in five ways: (1) finding that plaintiff had a marginal education; (2) finding that plaintiff retained a residual functional capacity ("RFC") to perform light work, with limitations for occasional kneeling and climbing; (3) finding that plaintiff retained the ability to perform simple, unskilled work and rejecting plaintiff's contention that she suffered from disabling chronic depression or was disabled with regard to her

1  memory, concentration, and ability to understand multi-step instructions; (4) considering plaintiff's
2  work history when assessing her credibility; and (5) failing to consider a Daily Activities
3  Questionnaire ("DAQ") submitted by third party Leota Kanellis.
4      Per this court's procedures for review of social security actions, the parties' motions have
5  been submitted without oral argument. Based on the moving papers and the court's own analysis of
6  the record, the court hereby denies plaintiff's motion for summary judgment and grants defendant's
7  cross-motion for summary judgment.

## I. BACKGROUND

### A. Procedural History

Plaintiff had previously filed an application for Supplemental Security Income ("SSI") benefits on December 18, 1996. She submitted a claim for Disability Insurance Benefits on December 23, 1996. These claims were denied by the Administrative Law Judge ("ALJ") on November 20, 1998. (A.R. 52-58). Plaintiff's request for review of the ALJ decision was denied on April 11, 2000. (A.R. 62-67).

Plaintiff filed the current application for Supplemental Security Income ("SSI") benefits on June 19, 2000. (A.R. 92-95). The application was denied by the Commissioner initially and on reconsideration on February 21, 2001 and May 10, 2001, respectively. (A.R. 64-67, 73-76). Plaintiff then filed a request for hearing before an Administrative Law Judge ("ALJ") on July 20, 2001. In a decision issued on June 21, 2002, the ALJ found that plaintiff was not disabled because she was still able to perform a significant number of jobs in the local and national economy. (A.R. 14-20). Plaintiff filed a request for review with the Appeals Council, and on October 22, 2002 the Appeals Council denied her appeal, making the decision of the ALJ the final decision of the Commissioner (A.R. 5-6). This civil action followed.

### B. Plaintiff's Vocational and Medical History

Plaintiff was 47 years old at the time of the ALJ's most recent decision. (A.R. 24). She had completed five years of education in Mexico. (A.R. 24). From approximately 1964 to 1984, plaintiff worked as a field worker. In 1984, plaintiff injured her left knee, and in 1985 she had arthroscopic surgery on her left knee performed by Dr. Godley in Watsonville. (A.R. 192). Plaintiff

states that pain from her knee and her back have kept her from working regularly since 1984. (A.R. 25-28). Plaintiff also suffers from asthma and complains of headaches. For the last five years she has been taking Prozac, Elevil, and Zoloft for depression. (A.R. 41)

Because plaintiff has not worked regularly since 1984 (A.R. 25), the ALJ found she had no past relevant work experience. (A.R. 19). *See* 20 C.F.R. § 416.965 (2002) (past relevant work is work that a claimant has performed within the past 15 years). The ALJ also determined that plaintiff is a "younger individual," *see* 20 C.F.R. §§ 416.963, 404.1563, and that she has a "marginal education." *See* 20 C.F.R. §§ 416.964, 404.1564; A.R. 25.

The ALJ found that plaintiff had the residual functional capacity to perform a wide range of light exertional work. Specifically, plaintiff could lift and carry up to 10 pounds frequently and 20 pounds occasionally, stand and walk up to 6 hours a day (with breaks every hour) and occasionally climb and kneel, and could sit without limitation. (A.R. 19).

## II. LEGAL STANDARDS

### A.   Statutory and Regulatory Framework

To qualify for benefits under Title XVI of the Social Security Act, the claimant must establish that she has a disability. A disability will be found only if the individual's physical or mental impairment is so severe that she "is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

The SSA has formulated regulations establishing a five-step sequential evaluation process to determine disability. *See* 20 C.F.R. § 416.920. If at any step the SSA makes a conclusion of disability or non-disability, the evaluation process terminates. 20 C.F.R. § 416.920(a)(4). The first step requires a consideration of claimant's current work activity and a determination of non-disability if she is doing "substantial gainful activity." The second step calls for an evaluation of whether claimant suffers from a severe medically determinable impairment that meets the duration requirement of twelve months and a conclusion of non-disability if she does not. At the third step, the SSA assesses whether claimant's condition meets or equals any impairments on the SSA's

1  predefined list of qualifying impairments[1] ("Listings") and must conclude she is disabled if it does.
2  The fourth step involves an evaluation of whether claimant can perform her past relevant work and
3  requires a determination of non-disability if she can.  The fifth step requires a consideration of
4  whether claimant can move to alternative work, with a denial of disability if she can and a
5  conclusion of disability if she cannot.  *Id*; *see also Barnhart v. Thomas*, 124 S. Ct. 376, 379-380
6  (2003) (describing the five-step SSA process for determining disability).

7        In addition, before moving from step three to four, the SSA assesses the claimant's residual
8  functional capacity ("RFC").  20 C.F.R. § 416.920(a)(4).  RFC depends on the medical and other
9  evidence in claimant's record and is used during the last two steps of determining plaintiff's ability to
10 do her relevant previous work or other work.  20 C.F.R. § 416.920(e).  In the final step, so-called
11 "vocational factors" of age, education and past work experience are also considered in determining
12 whether claimant can transition to other work.  20 C.F.R. § 416.920(f).

13       **B.**    **Scope of Review**

14       Under Social Security Act § 405(g), a district court reviewing the Commissioner's
15 decision on an application for benefits may affirm, reverse, or remand.  *See Harman v. Apfel*, 211
16 F.3d 1172, 1174 (9th Cir. 2000) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993)).  The
17 district court's scope of review is limited.  This court will not disturb the Commissioner's denial of
18 disability benefits unless the Commissioner's findings of fact are not supported by substantial
19 evidence or the Commissioner failed to apply the proper legal standard.  42 U.S.C. § 405(g);
20 *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001); *Tacket v. Apfel*, 180 F.3d 1094, 1097-98
21 (9th Cir. 1999); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

22       Evidence is substantial if it is more than a mere scintilla but less than a preponderance.
23 *Tacket*, 180 F.3d at 1098.  Substantial evidence means "such relevant evidence as a reasonable mind
24 might accept as adequate to support a conclusion."  *Paulson v. Bowen*, 836 F.2d 1249, 1250 (9th Cir.
25 1988).  To determine whether substantial evidence supports the Commissioner's findings, this court
26 must review the administrative record as a whole, weighing evidence that both bolsters and detracts

27

28     [1]    The "listing of impairments" is contained in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT—C-02-05871  RMW
SI/TNL                                                                                          4

from the Commissioner's conclusion. *Tacket*, 180 F.3d at 1098. When the evidence is susceptible to more than one rational interpretation, this court must adopt the decision of the ALJ. *Matney*, 981 F.2d at 1019; *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). Questions of credibility and resolution of conflicts in the testimony are functions solely for the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### III. ANALYSIS

#### A. Plaintiff's Education Level

The ALJ found that plaintiff had a "marginal education." *See* Tr. at 20.[2] Plaintiff contends that this classification was incorrect, as plaintiff went to school through only the fifth grade in Mexico and is illiterate in English. When filling out her social security forms, she did not fill them out herself. (A.R. 25). Thus, plaintiff argues that she should be classified as illiterate. Plaintiff also argues that by classifying her education as "Limited or less – at least literate and able to communicate in English," the ALJ found that she was literate in English and improperly heightened her education level classification from marginal education to limited education.[3] However, the purpose of the ALJ's classification of plaintiff's education level as "limited or less" was for application of the "Medical-Vocational Guidelines" at 20 C.F.R. Pt. 404, Subpt. P, App. 2.[4] These guidelines do not include a category for "marginal education." The next education category below the "limited or less" education category is illiterate, and therefore the "limited or less" category includes people with a marginal education.

---

[2] (2) Marginal education. Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education. 20 C.F.R. § 416.964(b)(2).

[3] (3) Limited education. Limited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs. We generally consider that a 7th grade through the 11th grade level of formal education is a limited education. 20 C.F.R. § 416.964(b)(3).

[4] The Medical-Vocational Guidelines in 20 C.F.R. Pt. 404, Subpt. P comprise of a list of rules for the disability determination based on age, education, and previous work experience. "[I]f the findings of fact made about all factors are the same as the rule [in 20 C.F.R. Pt. 404, Subpt. P], we use that rule to decide whether a person is disabled. 20 C.F.R. § 416.969.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT—C-02-05871 RMW
SI/TNL                                                                             5

Here, the ALJ concluded plaintiff was both literate and able to communicate in English.[5] The ALJ concluded that plaintiff was literate because she testified at the hearing that she could read "a little bit." (A.R. 25). The ALJ also concluded that plaintiff was able to communicate in English as she testified at the hearing without the need for an interpreter. (A.R. 25). Based on these determinations, the ALJ applied Rule 202.17 of the Medical-Vocational Guidelines, which supports a conclusion of "not disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, 202.17. Although plaintiff argues that she didn't specify whether she could read "a little bit" in English or Spanish, the court is satisfied that substantial evidence supported the ALJ's determination that plaintiff has a marginal education. Moreover, even if the ALJ had determined that plaintiff was "illiterate," such determination would only result in Rule 202.16 being applied, which also supports a conclusion of "not disabled," *unless* plaintiff further shows that she is capable only of sedentary work.[6] As discussed below, this court affirms the ALJ's conclusion that plaintiff has the RFC to perform a "wide range of light exertional work." Therefore, the Medical-Vocational Guidelines support a finding of "not disabled" whether plaintiff's education level is classified as "limited or less" or "illiterate."

### B.     Plaintiff's Residual Functional Capacity

Plaintiff objects to the ALJ's conclusion that she retains RFC to perform light work, with limitations for occasional kneeling and climbing. The ALJ found that plaintiff

> has the residual functional to lift and carry up to 10 pounds frequently and 20 pounds occasionally, stand and walk up to 6 hours a day (with breaks every hour) and occasionally climb and kneel. There is not limitation on her ability to sit.

(A.R. 19).

---

[5] Defendant erroneously argues that in order to be classified as illiterate, plaintiff must show that she is both illiterate and unable to communicate in English. However, the case upon which defendant relies for this proposition, *Chavez v. Secretary of HHS*, 103 F.3d 849, 852 (9th Cir. 1996), was clarified in *Silveira v. Apfel*, 204 F.3d 1257 (9th Cir. 2000). In *Silveira*, the Ninth Circuit clarified that a claimant is illiterate if she is illiterate or unable to communicate in English, or both, not that a claimant must be both illiterate and unable to communicate in English. *See* 204 F.3d at 1262 n.13. Therefore, to be classified as illiterate, plaintiff need only show that she is either illiterate or unable to communicate in English.

[6] If plaintiff was capable only of sedentary work *and* is illiterate, Rule 201.17 of the Medical-Vocational Guidelines would apply and direct a finding of "disabled."

1    Plaintiff argues: (1) needing breaks every hour is inconsistent with the ALJ's finding that she can perform a "wide range of light exertional work," (A.R. 19); (2) the ALJ's determination was inconsistent with a previous ALJ decision that she was capable of sedentary, not light work, (A.R. 55, 57); and (3) that the ALJ's findings were inconsistent with the medical evidence.

   Defendant argues that the ALJ properly found that changed circumstances existed in plaintiff's case.  The ALJ based its decision in part on a December 2000 orthopedic evaluation plaintiff underwent with Dr. Hideki Garren, who opined that plaintiff was able to perform light work with breaks every hour.  (A.R. 188-90).[7]  The ALJ also gave minimal weight to the opinion of plaintiff's physician, Dr. Jeffrey Young of Santa Cruz Health Services, noting that Dr. Young's records did not contain any descriptions of any detailed examinations of or physical findings related to plaintiff's musculoskeletal structure or any laboratory tests.  As between Dr. Young and Dr. Garren, both of whose opinions were given the weight accorded to a general practitioner, the ALJ found that Dr. Garren's opinion had a better basis in the medical records.  (A.R. 16).  The court finds that substantial evidence supported the ALJ's decision that plaintiff exhibited changed circumstances qualifying her for light work, and further that substantial evidence supported the ALJ's rejection of Dr. Young's opinion in favor of Dr. Garren's opinion.

**C.   Plaintiff's Residual Mental Capacity ("RMC")**

   The ALJ found that the plaintiff could perform simple, unskilled work, noting the lack of mental health treatment.  (A.R. 17).[8]  On January 26, 2001 plaintiff underwent a consultative psychiatric evaluation with Dr. Ronald Johnson.  Dr. Johnson diagnosed plaintiff with depressive disorder, not otherwise specified; psychological factors affecting her physical condition; a history of alcohol abuse, in stated remission; a history of cocaine abuse, in stated remission; personality disorder, and life circumstance problems.  *See id.*  Dr. Johnson found no evidence of a formal thought disorder, major affective disorder, formal anxiety disorder or obvious organicity, and also

---

[7]   Dr. Garren's impressions included chronic low back pain without evidence of radiculopathy, chronic left knee pain, status post left knee surgery in 1984 likely degenerative in nature, chronic right ankle pain, mild asthma, and a history of non-cardiac chest pain.  Decision at 16.

[8]   Unskilled work is defined as jobs that can be learned in 30 days or less.  20 C.F.R. § 416.968(a).

found that plaintiff's sensorium was grossly intact.  The only reference to depression was Dr. Young's January 3, 2002 prescription of Prozac and Zoloft.  Dr. Young did not specifically restrict plaintiff from simple, unskilled work, and Dr. Young also stated that plaintiff's depression was better than it had been in 1997.  The ALJ also noted that plaintiff has not sought more aggressive treatment for her alleged impairments, including treatment from a mental health specialist, nor has Dr. Young referred plaintiff to a mental health specialist.  Because the ALJ found little or no objective evidence supporting plaintiff's alleged mental impairments, plaintiff was classified as able to perform unskilled work.

Plaintiff argues cursorily that she cannot perform unskilled work because she cannot maintain enough concentration to do work that takes up to 30 days to learn.  The court is satisfied that substantial evidence supports the ALJ's decision that plaintiff could perform simple, unskilled work.

### D.     Plaintiff's Credibility

The ALJ found that plaintiff's complaints about pain and her physical abilities were not credible.  The ALJ noted that there were no reported continuous side effects from medication, and that plaintiff's complaints regarding the frequency, severity and duration of her multiple joint pain, back pain, chest pain, and knee pain do not justify any limitations beyond those based on the objective medical evidence.  The ALJ also noted that the limitations found took into account plaintiff's knee impairment, that plaintiff's back pain was not substantiated by a physician ordering an x-ray, and that Dr. Garren noted plaintiff had a full range of motion in all four extremities.  In addition, plaintiff had no relevant work history, which calls into question her motivation to work.  As such, the ALJ did not credit claimant's statement regarding her inability to do light work.

Plaintiff argues that the ALJ was required to find "clear and convincing" reasons for rejection of plaintiff's statements and testimony.  *See Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1999). Plaintiff contends that the ALJ's finding of no relevant work history, the ALJ's failure to consider plaintiff's almost 20 years of work in agricultural fields, and plaintiff's failure to seek "more aggressive" treatment for her mental and physical ailments, do not meet the clear and convincing standard.  Defendant notes that plaintiff has not worked in agricultural

fields since the early 1980s, (A.R. 104), plaintiff's impairments have been controlled with medication, and that even when plaintiff sought treatment for mental and physical impairments, it was not on a regular basis. (A.R. 142, 223-25).

In *Regennitter*, the Ninth Circuit held that "Because Regennitter produced medical evidence of underlying impairments consistent with his complaints and there is no affirmative evidence that he is malingering, the ALJ's reasons for rejecting Regennitter's testimony must be clear and convincing." 166 F.3d at 1296 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995)).  The Ninth Circuit went on to note that plaintiff Regennitter had received regular treatment for his impairments, even after insurance coverage ran out, on thirty-two occasions during the five years prior to his second hearing, and that none of the doctors were able to suggest effective treatment for his pain. *See id.*  Here, the ALJ found some evidence of malingering and also that the medical evidence did not support plaintiff's contentions.  Plaintiff's testimony without the support of objective medical evidence is insufficient to establish disability.  *See* 20 C.F.R. §§ 416.929(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"), 404.1528(a) ("Your statements alone are not enough to establish that there is a physical or mental impairment"); *Flaten v Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995) ("An opinion of disability premised to a large extent upon a claimant's own accounts of his symptoms and limitations may be disregarded where those complaints have been 'properly discounted.'"). The ALJ's findings regarding plaintiff's credibility are supported by substantial evidence.

**E.     Whether the ALJ Improperly Ignored Lay Evidence**

Leota Kanellis, Program Manager at plaintiff's shelter, completed a Daily Activities Questionnaire reporting that plaintiff's pain affected her ability to do chores, and that plaintiff had very limited activities and problems with her memory.  Plaintiff contends that these findings are inconsistent with the ALJ's conclusion that she could perform a wide range of light work.  As the ALJ failed to consider this evidence, plaintiff argues that the ALJ's findings are fundamentally flawed.  *See Regennitter*, 166 F.3d at 1298; *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) ("lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, [], and therefore cannot be disregarded without comment.") (citations omitted).

Defendant notes numerous discrepancies between Kanellis's report and plaintiff's statements. Specifically, Kanellis's report indicates that plaintiff lives in a housing program with friends, that she has no problems caring for her own personal needs, can perform limited chores with weight belts and does not shop, that plaintiff needs no assistance to go outside, and that plaintiff's social activities have not changed since her condition began. Defendant contends that each of these statements is contradicted by statements made by plaintiff. Thus, the failure to discuss Kanellis's statement is harmless error; alternatively, defendant argues that consideration of Kanellis's statement supports the ALJ's findings that plaintiff can perform light work.

"One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir.1984)). Kanellis's statements that plaintiff had limited activities and problems with her memory are not inconsistent with the ALJ's conclusion that she could do light work. In addition, to the extent that plaintiff seeks consideration of Kanellis's statements to contradict the conclusions of medical doctors, her opinion was properly disregarded. *See Vincent*, 739 F.2d at 1395.

## IV.  ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed. Accordingly, the court denies plaintiff's motion for summary judgment and grants defendant's cross-motion for summary judgment.

DATED:     8/28/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for plaintiff:**

James Hunt Miller
P.O. Box 10891
Oakland, CA 94610

**Counsel for defendant:**

Kevin V. Ryan
Joann M. Swanson
Sara Winslow
Office of the United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

Katherine Loo
333 Market Street, Suite 1500
San Francisco, California 94105

Date:   8/29/06                                           SPT
                                                    Chambers of Judge Whyte

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT—C-02-05871 RMW
SI/TNL                                           11