*E-Filed:* 9/27/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ALVAREZ, | No. C-02-05871 RMW |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **[Re Docket No. 18]** |
| Defendant. | |

On August 29, 2006 the court denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment. *See* August 29, 2006 Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross-Motion for Summary Judgment ("August 29, 2006 Order"). That same day the court entered judgment against plaintiff in favor of defendant. Plaintiff seeks reconsideration of the August 29, 2006 Order.

Under Civil Local Rule 7-9(a), leave to file a motion for reconsideration may be granted before entry of judgment adjudicating all of the claims and rights and liabilities of all the parties in a case. Because judgment has been entered in this case, the court instead treats plaintiff's motion as one to amend judgment pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) provides that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Plaintiff's motion raises a proper issue for consideration under Rule 59(e). "A postjudgment motion

1  will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly
2  encompassed in a decision on the merits.'" *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d
3  1128, 1130 (9th Cir. 2004) (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).
4  Plaintiff's motion was timely filed within ten days after entry of judgment.

5  In support of its motion plaintiff cites *Stout v. Commissioner of Social Security*, 454 F.3d
6  1050 (9th Cir. July 25, 2006) which held that "where the ALJ's error lies in a failure to properly
7  discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the
8  error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the
9  testimony, could have reached a different disability determination."  In her motion for summary
10 judgment, plaintiff argued that the ALJ ignored statements in the report of Leota Kanellis, a lay
11 witness.  The court found that the statements in Kanellis's report were not favorable to plaintiff
12 because they contradicted plaintiff's own statements about the effect of her impairments.  In
13 particular, Kanellis's statements indicated that plaintiff was capable of more than plaintiff's own
14 statements described.  *See* August 29, 2006 Order at 9-10 (noting that Kanellis's statements indicate
15 that "plaintiff lives in a housing program with friends, that she has no problems caring for her own
16 personal needs, can perform limited chores with weight belts and does not shop, that plaintiff needs
17 no assistance to go outside, and that plaintiff's social activities have not changed since her condition
18 began").  Therefore, the court found that Kanellis's statements were consistent with the ALJ's finding
19 that plaintiff was capable of light work and not favorable to plaintiff's argument that she was capable
20 only of sedentary work.

21 For the foregoing reasons, the court concludes that amendment of its August 29, 2006
22 judgment is not warranted.  Plaintiff's motion is denied.

24 DATED:     9/25/06                         */s/ Ronald M. Whyte*
25                                             RONALD M. WHYTE
                                               United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

James Hunt Miller
P.O. Box 10891
Oakland, CA 94610

**Counsel for defendant:**

Kevin V. Ryan
Joann M. Swanson
Sara Winslow
Office of the United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

Date:   9/27/06                                         SPT
                                              Chambers of Judge Whyte